UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE DEMARIO WILLIAMS,
#964448,

        Plaintiff,                  Case Number: 2:18-13879
                                                Honorable Linda V. Parker

v.

EASTPOINTE POLICE DEPARTMENT,
ET AL.,

        Defendants.
_____/

## **OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT**

### I. Introduction

This is a pro se civil rights complaint filed under 42 U.S.C. § 1983. Michigan prisoner Dwayne Demario Williams ("Plaintiff"), confined at the Saginaw Correctional Facility in Freeland, Michigan, alleges his constitutional rights were violated during his state criminal proceedings. He names four defendants: the Eastpointe Police Department, Eastpointe Detective Hambreight, prosecutor Eric Smith, and Adelbert Ackerman, a prisoner in the custody of the Michigan Department of Corrections. Plaintiff is serving a 25-year sentence for a first-degree criminal sexual conduct conviction. Plaintiff claims that when he and Ackerman were incarcerated at the same facility, Ackerman forced him to draft a written statement confessing to first-degree criminal sexual conduct. He alleges

the investigating officer and prosecutor failed to conduct an adequate investigation into the circumstances surrounding the confession. He sues defendants in their personal and official capacities and seeks monetary and injunctive relief. Plaintiff has been granted leave to proceed without prepayment of the fees for this action. *See* 28 U.S.C. § 1915(a)(1).

## II. Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief,"

2

as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21

(1972). Despite this liberal pleading standard, the Court finds Plaintiff's civil rights complaint subject to summary dismissal.

First, Plaintiff names the Eastpointe Police Department as a defendant. The police department is not an entity subject to suit under § 1983. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (police department is an improper defendant in a § 1983 case); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a municipal police department is not a legal entity subject to suit under § 1983). Plaintiff's claims against the Eastpointe Police Department must, therefore, be dismissed.

Second, Plaintiff's claims against Adelbert Ackerman, the inmate who allegedly coerced Plaintiff to give a false confession, will be dismissed because an inmate is not generally considered a state actor or a person acting under color of state law for purposes of stating a claim under § 1983. *See Goodell v. Anthony*, 157 F. Supp. 2d 796, 801 (E.D. Mich. 2001) (collecting cases); *see also Lewis v. McClellan*, 7 F. App'x 373, 375 (6th Cir. 2001) (concluding in a civil rights case that unnamed jail inmates were not state actors when they attacked the plaintiff). "[P]rivate citizens acting in concert with state officials may be subject to § 1983 liability." *Horton v. Martin,* 137 F. App'x 773, 774 (6th Cir. 2005) (citing *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). But the Sixth Circuit has held that a private

4

citizen does not act under color of state law when providing information to the police. *See Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009) ("Providing information to the police … does not expose a private individual to liability for actions taken 'under color of law.'"); *Balcar v. Jerson Cty. Dist. Ct.*, No. 17-5402, 2017 WL 4535934, *2 (holding that district court properly dismissed claims against a private citizen for furnishing information to police because citizen was not a state actor). Ackerman, therefore, was not a state actor when furnishing information to the police.

Finally, Plaintiff's complaint must be dismissed because his challenge to the validity of his state court criminal proceedings fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held that a plaintiff seeking relief under 42 U.S.C. § 1983 cannot proceed on a claim when allowing him to do so would call into question the propriety of a prior criminal conviction that has not been set aside or expunged by judicial or executive action. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no

matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Plaintiff has not alleged that his conviction has been set aside, expunged or otherwise invalidated by any state or federal court or by executive action. Until that occurs, Plaintiff's claims are barred by *Heck*.

### III. Conclusion

For the reasons stated, the Court holds that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Complaint is **DISMISSED WITH PREJUDICE AS TO THE EASPOINTE POLICE DEPARTMENT AND ADELBERT ACKERMAN** and **DISMISSED WITHOUT PREJUDICE AS TO EASTPOINTE DETECTIVE HAMBREIGHT AND PROSECUTOR ERIC SMITH**. The Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: February 5, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 5, 2019, by electronic and/or U.S. First Class mail.

                                                    s/ R. Loury
                                                    Case Manager